FILED
2016 Aug-25  PM 04:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Janice Anderson, Gaylon Anderson, | ) | |
| Dawn Beard, Christy Billions, | ) | |
| Jackie Billions, Randy Billions, | ) | |
| Christy Bowar, Debbie Bruder, | ) | |
| Kathy Cardin, Sarah Carden | ) | |
| Devona Claridy, William Clark, | ) | |
| Juanell Edwards, Alison Esch, | ) | |
| Jennifer Hardy, Rochelle D. Haynes, | ) | |
| Patricia Hill, Jessica Hogan, | ) | |
| Virgil Ikard, Herman Jefferson, | ) | |
| Karen King, Autumn Lange, | ) | |
| Janice Manley, Catherine McFarlen, | ) | |
| Tony McNelley, Kathy Miller, | ) | |
| Stanley Moore, Donnie Myrick, | ) | |
| Joe Myrick, Juanita Neeley, | ) | |
| Eddie Perry, Roger Pridmore, | ) | |
| Russell Price, Charles Richardson, | ) | |
| Sarah Sanders, Jerry Scearce, | ) | |
| Danny Sanderson, Angela Shaw, | ) | |
| Sherry Smith, Deborah Thompson, | ) | |
| Annette Underwood, Catherine Van | ) | |
| Benthuysen, Pamela Ward, Deanne | ) | |
| Wimberly, and Kimberly Woodard, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NUMBER: |
| | ) | 2016-cv- |
| vs. | ) | |
| | ) | |
| Madison County Board of | ) | |
| Education (MCBOE); Matt Massey, | ) | |
| individually, and in his official | ) | |
| capacity as Superintendent of | ) | |
| MCBOE; Angie Bates, individually, | ) | |
| and in her official capacity as | ) | |

1

President of MCBOE; Nathan Curry,  )
individually, and in his official            )
capacity as Board Member of             )
MCBOE; Mary Louise Stowe,           )
individually, and in her official          )
capacity as Vice President of the       )
MCBOE;  David Vess, individually,   )
and in his official capacity as Board  )
Member of MCBOE; Jeff Anderson,   )
individually and in his official          )
capacity as Board Member of             )
MCBOE; and David Nash,                  )
individually in his capacity as           )
former Board Member of MCBOE,     )
                                                             )
                        Defendants.              )

## **COMPLAINT**

**COME NOW** the Plaintiffs, Janice Anderson, Gaylon Anderson, Dawn Beard,

Christy Billions, Jackie Billions, Randy Billions, Christy Bowar, Debbie Bruder,

Kathy Cardin, Sarah Carden, Devona Claridy, William Clark, Juanell Edwards, Alison

Esch, Jennifer Hardy, Rochelle D. Haynes, Patricia Hill, Jessica Hogan, Virgil Ikard,

Herman Jefferson, Karen King, Autumn Lange, Janice Manley, Catherine McFarlen,

Tony McNelley, Kathy Miller, Stanley Moore, Donnie Myrick, Joe Myrick, Juanita

Neeley, Eddie Perry, Roger Pridmore, Russell Price, Charles Richardson, Sarah

Sanders, Jerry Scearce, Danny Sanderson, Angela Shaw, Sherry Smith, Deborah

Thompson, Annette Underwood, Catherine Van Benthuysen, Pam Ward, Deanne

Wimberly, and Kimberly Woodard (hereinafter "Plaintiffs" ), and file this lawsuit against Defendants, Madison County Board of Education, Matt Massey, Angie Bates, Nathan Curry, Mary Louise Stowe, David Vess, Jeff Anderson and Dan Nash (hereinafter "Defendants"), pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action states the following:

## Jurisdiction and Venue

1.     Plaintiffs bring this action for a declaratory judgment, pay, overtime pay, liquidated damages, attorneys' fees, and other relief pursuant to 29 U.S.C.§§ 201-219, known as the Fair Labor Standards Act ("FLSA") of 1938, and the amendments thereto.

2.     Defendants' willful violations of the FLSA include unlawfully, intentionally failing and refusing to pay Plaintiffs and all others similarly situated all compensation owed to them under the FLSA and its implementing regulations, failing to pay Plaintiffs and others for all hours worked, and unlawfully exempting Plaintiffs and others from overtime pay by not paying the same.

3.     Jurisdiction over this action is conferred on this Court by 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

4.     Declaratory relief is authorized under 28 U.S.C. §§ 2201 and 2202.

*5.*     This Court is the proper venue for this action pursuant 28 U.S.C.

3

§1391(b).

## The Parties

6.      Plaintiff Janice Anderson (hereinafter "Plaintiff J. Anderson" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff J. Anderson is a resident of this Judicial District and Division.  Plaintiff J. Anderson is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff J. Anderson's consent to be a party plaintiff is attached and included in Exhibit "A".

7.      Plaintiff Gaylon Anderson (hereinafter "Plaintiff G. Anderson" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff G. Anderson is a resident of this Judicial District and Division.  Plaintiff G. Anderson is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff G. Anderson's consent to be a party plaintiff is attached and included in Exhibit "A".

8.      Plaintiff Dawn Beard (hereinafter "Plaintiff D. Beard" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff D. Beard is a resident of this Judicial District and Division.  Plaintiff D. Beard is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff D. Beard's consent to be a party plaintiff is

attached and included in Exhibit "A".

9.    Plaintiff Christy Billions (hereinafter "Plaintiff C. Billions" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff C. Billions is a resident of this Judicial District and Division.  Plaintiff C. Billions is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff C. Billions' consent to be a party plaintiff is attached and included in Exhibit "A".

10.    Plaintiff Jackie Billions (hereinafter "Plaintiff J. Billions" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff J. Billions is a resident of this Judicial District and Division.  Plaintiff J. Billions is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff J. Billions' consent to be a party plaintiff is attached and included in Exhibit "A".

11.    Plaintiff Randy Billions (hereinafter "Plaintiff R. Billions" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff R. Billions is a resident of this Judicial District and Division.  Plaintiff R. Billions is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff R. Billions' consent to be a party plaintiff is attached and included in Exhibit "A".

12.     Plaintiff Christy Bowar (hereinafter "Plaintiff C. Bowar" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff C. Bowar is a resident of this Judicial District and Division. Plaintiff C. Bowar is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff C. Bowar's consent to be a party plaintiff is attached and included in Exhibit "A".

13.     Plaintiff Debbie Bruder (hereinafter "Plaintiff D. Bruder" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff D. Bruder is a resident of this Judicial District and Division. Plaintiff D. Bruder is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff D. Bruder's consent to be a party plaintiff is attached and included in Exhibit "A".

14.     Plaintiff Kathy Cardin (hereinafter "Plaintiff K. Cardin" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff K. Cardin is a resident of this Judicial District and Division. Plaintiff K. Cardin is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff K. Cardin's consent to be a party plaintiff is attached and included in Exhibit "A".

15.     Plaintiff Sarah Carden (hereinafter "Plaintiff S. Carden" or "Plaintiffs")

is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff S. Carden is a resident of this Judicial District and Division. Plaintiff S. Carden is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff S. Carden's consent to be a party plaintiff is attached and included in Exhibit "A".

16.    Plaintiff Devona Claridy (hereinafter "Plaintiff D. Claridy" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff D. Claridy is a resident of this Judicial District and Division.  Plaintiff D. Claridy is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff D. Claridy's consent to be a party plaintiff is attached and included in Exhibit "A".

17.    Plaintiff William Clark (hereinafter "Plaintiff W. Clark" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff W. Clark is a resident of this Judicial District and Division. Plaintiff W. Clark is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff W. Clark's consent to be a party plaintiff is attached and included in Exhibit "A".

18.    Plaintiff Juanell Edwards (hereinafter "Plaintiff J. Edwards" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States

7

and of the State of Alabama.  Plaintiff J. Edwards is a resident of this Judicial District and Division.  Plaintiff J. Edwards is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff J. Edwards' consent to be a party plaintiff is attached and included in Exhibit "A".

19.    Plaintiff Alison Esch (hereinafter "Plaintiff A. Esch" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff A. Esch is a resident of this Judicial District and Division. Plaintiff A. Esch is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff A. Esch's consent to be a party plaintiff is attached and included in Exhibit "A".

20.    Plaintiff Jennifer Hardy (hereinafter "Plaintiff J. Hardy" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff J. Hardy is a resident of this Judicial District and Division. Plaintiff J. Hardy is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff J. Hardy's consent to be a party plaintiff is attached and included in Exhibit "A".

21.    Plaintiff Rochelle D. Haynes (hereinafter "Plaintiff R. Haynes" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff R. Haynes is a resident of this Judicial District

and Division.  Plaintiff R. Haynes is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff R. Haynes' consent to be a party plaintiff is attached and included in Exhibit "A".

22.    Plaintiff Patricia Hill (hereinafter "Plaintiff P. Hill" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff P. Hill is a resident of this Judicial District and Division. Plaintiff P. Hill is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff P. Hill's consent to be a party plaintiff is attached and included in Exhibit "A".

23.    Plaintiff Jessica Hogan (hereinafter "Plaintiff J. Hogan" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff J. Hogan is a resident of this Judicial District and Division. Plaintiff J. Hogan is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.   Plaintiff J. Hogan's consent to be a party plaintiff is attached and included in Exhibit "A".

24.    Plaintiff Virgil Ikard (hereinafter "Plaintiff V. Ikard" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff V. Ikard is a resident of this Judicial District and Division. Plaintiff V. Ikard is Defendant's employee within the meaning of 29 U.S.C. §

9

203(e)(2)(c) of the FLSA.  Plaintiff V. Ikard's consent to be a party plaintiff is attached and included in Exhibit "A".

25.    Plaintiff Herman Jefferson (hereinafter "Plaintiff H. Jefferson" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff H. Jefferson is a resident of this Judicial District and Division.  Plaintiff H. Jefferson is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff H. Jefferson's consent to be a party plaintiff is attached and included in Exhibit "A".

26.    Plaintiff Karen King (hereinafter "Plaintiff K. King" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff K. King is a resident of this Judicial District and Division. Plaintiff K. King is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff K. King's consent to be a party plaintiff is attached and included in Exhibit "A".

27.    Plaintiff Autumn Lange (hereinafter "Plaintiff A. Lange" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff A. Lange is a resident of this Judicial District and Division. Plaintiff A. Lange is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff A. Lange's consent to be a party plaintiff is

attached and included in Exhibit "A".

28.     Plaintiff Janice Manley (hereinafter "Plaintiff J. Manley" or "Plaintiffs")
is over the age of twenty-one (21) and is a citizen of the United States and of the State
of Alabama.  Plaintiff J. Manley is a resident of this Judicial District and Division.
Plaintiff J. Manley is Defendant's employee within the meaning of 29 U.S.C. §
203(e)(2)(c) of the FLSA.  Plaintiff J. Manley's consent to be a party plaintiff is
attached and included in Exhibit "A".

29.     Plaintiff Catherine McFarlen (hereinafter "Plaintiff C. McFarlen" or
"Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States
and of the State of Alabama.  Plaintiff C. McFarlen is a resident of this Judicial
District and Division.  Plaintiff C. McFarlen is Defendant's employee within the
meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff C. McFarlen's consent
to be a party plaintiff is attached and included in Exhibit "A".

30.     Plaintiff Tony McNelley (hereinafter "Plaintiff T. McNelley" or
"Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States
and of the State of Alabama.  Plaintiff T. McNelley is a resident of this Judicial
District and Division.  Plaintiff T. McNelley is Defendant's employee within the
meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff T. McNelley's consent
to be a party plaintiff is attached and included in Exhibit "A".

31.    Plaintiff Kathy Miller (hereinafter "Plaintiff J. Anderson" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff K. Miller is a resident of this Judicial District and Division.  Plaintiff K. Miller is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff K. Miller's consent to be a party plaintiff is attached and included in Exhibit "A".

32.    Plaintiff Stanley Moore (hereinafter "Plaintiff S. Moore" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff S. Moore is a resident of this Judicial District and Division.  Plaintiff S. Moore is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff S. Moore's consent to be a party plaintiff is attached and included in Exhibit "A".

33.    Plaintiff Donnie Myrick (hereinafter "Plaintiff D. Myrick" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff D. Myrick is a resident of this Judicial District and Division.  Plaintiff D. Myrick is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff D. Myrick's consent to be a party plaintiff is attached and included in Exhibit "A".

34.    Plaintiff Joe Myrick (hereinafter "Plaintiff J. Myrick" or "Plaintiffs") is

over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff J. Myrick is a resident of this Judicial District and Division. Plaintiff J. Myrick is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff J. Myrick's consent to be a party plaintiff is attached and included in Exhibit "A".

35.    Plaintiff Juanita Neeley (hereinafter "Plaintiff J. Neeley" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff J. Neeley is a resident of this Judicial District and Division. Plaintiff J. Neeley is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff J. Neeley's consent to be a party plaintiff is attached and included in Exhibit "A".

36.    Plaintiff Eddie Perry (hereinafter "Plaintiff E. Perry" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff E. Perry is a resident of this Judicial District and Division. Plaintiff E. Perry is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff E. Perry's consent to be a party plaintiff is attached and included in Exhibit "A".

37.    Plaintiff Roger Pridmore (hereinafter "Plaintiff R. Pridmore" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States

and of the State of Alabama.  Plaintiff R. Pridmore is a resident of this Judicial District and Division.  Plaintiff R. Pridmore is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff R. Pridmore's consent to be a party plaintiff is attached and included in Exhibit "A".

38.    Plaintiff Russell Price (hereinafter "Plaintiff R. Price" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff R. Price is a resident of this Judicial District and Division. Plaintiff R. Price is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff R. Price's consent to be a party plaintiff is attached and included in Exhibit "A".

39.    Plaintiff Charles Richardson (hereinafter "Plaintiff C. Richardson" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff C. Richardson is a resident of this Judicial District and Division.  Plaintiff C. Richardson is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff C. Richardson's consent to be a party plaintiff is attached and included in Exhibit "A".

40.    Plaintiff Sarah Sanders (hereinafter "Plaintiff S. Sanders" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff S. Sanders is a resident of this Judicial District and Division.

14

Plaintiff S. Sanders is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA. Plaintiff S. Sanders' consent to be a party plaintiff is attached and included in Exhibit "A".

41.    Plaintiff Jerry Scearce (hereinafter "Plaintiff J. Scearce" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama. Plaintiff J. Scearce is a resident of this Judicial District and Division. Plaintiff J. Scearce is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA. Plaintiff J. Scearce's consent to be a party plaintiff is attached and included in Exhibit "A".

42.    Plaintiff Danny Sanderson (hereinafter "Plaintiff D. Sanderson" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama. Plaintiff D. Sanderson is a resident of this Judicial District and Division. Plaintiff D. Sanderson is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA. Plaintiff D. Sanderson's consent to be a party plaintiff is attached and included in Exhibit "A".

43.    Plaintiff Angela Shaw (hereinafter "Plaintiff A. Shaw" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama. Plaintiff A. Shaw is a resident of this Judicial District and Division. Plaintiff A. Shaw is Defendant's employee within the meaning of 29 U.S.C. §

15

203(e)(2)(c) of the FLSA.  Plaintiff A. Shaw's consent to be a party plaintiff is attached and included in Exhibit "A".

44.     Plaintiff Sherry Smith (hereinafter "Plaintiff S. Smith" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff S. Smith is a resident of this Judicial District and Division. Plaintiff S. Smith is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff S. Smith's consent to be a party plaintiff is attached and included in Exhibit "A".

45.     Plaintiff Deborah Thompson (hereinafter "Plaintiff D. Thompson" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff D. Thompson is a resident of this Judicial District and Division.  Plaintiff D. Thompson is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff D. Thompson's consent to be a party plaintiff is attached and included in Exhibit "A".

46.     Plaintiff Annette Underwood (hereinafter "Plaintiff A. Underwood" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff A. Underwood is a resident of this Judicial District and Division.  Plaintiff A. Underwood is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff A. Underwood's consent to be a

party plaintiff is attached and included in Exhibit "A".

47.    Plaintiff Catherine Van Benthuysen (hereinafter "Plaintiff C. Van Benthuysen" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff C. Van Benthuysen is a resident of this Judicial District and Division.  Plaintiff C. Van Benthuysen is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff C. Van Benthuysen's consent to be a party plaintiff is attached and included in Exhibit "A".

48.    Plaintiff Pam Ward (hereinafter "Plaintiff P. Ward" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff P. Ward is a resident of this Judicial District and Division.  Plaintiff P. Ward is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff P. Ward's consent to be a party plaintiff is attached and included in Exhibit "A".

49.    Plaintiff Deanne Wimberly (hereinafter "Plaintiff D. Wimberly" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff D. Wimberly is a resident of this Judicial District and Division.  Plaintiff D. Wimberly is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff D. Wimberly's consent to be a party

plaintiff is attached and included in Exhibit "A".

50.    Plaintiff Kimberly Woodard (hereinafter "Plaintiff K. Woodard" or "Plaintiffs") is over the age of twenty-one (21) and is a citizen of the United States and of the State of Alabama.  Plaintiff K. Woodard is a resident of this Judicial District and Division.  Plaintiff K. Woodard is Defendant's employee within the meaning of 29 U.S.C. § 203(e)(2)(c) of the FLSA.  Plaintiff K. Woodard's consent to be a party plaintiff is attached and included in Exhibit "A".

51.    Defendant, Madison County Board of Education (hereinafter "MCBOE") is a separate county school system organized and existing under the laws of the State of Alabama, operating in Madison County, and is the Plaintiffs' employer within the meaning of § 203(d) of the FLSA.

52.    Defendant MCBOE is located and doing business within this District and Division.

53.    Defendant Matt Massey (hereinafter "Superintendent Massey" or "Defendant Massey") is an adult male citizen of the United States and of the State of Alabama.  Defendant Massey is the Superintendent of Madison County Board of Education, and is the individual responsible for the daily operation of Defendant MCBOE.  Defendant Massey is an employer within the meaning of the FLSA. Defendant Massey is being sued individually and in his official (for prospective

equitable relief) capacity as Superintendent for all claims of the Plaintiffs.

54.    Defendant Angie Bates (hereinafter "Bates") is an adult female citizen of the United States and of the State of Alabama. Defendant Bates is the President of Madison County Board of Education, and is one of the individuals with final decision-making authority for Defendant MCBOE. Defendant Bates is an employer within the meaning of the FLSA. Defendant Bates is being sued individually and in her official (for prospective equitable relief) capacity as Board Member for all claims of the Plaintiffs.

55.    Defendant Nathan Curry (hereinafter "Curry") is an adult male citizen of the United States and of the State of Alabama. Defendant Curry is a member of the Madison County Board of Education, and is one of the individuals with final decision-making authority for Defendant MCBOE. Defendant Curry is an employer within the meaning of the FLSA. Defendant Curry is being sued individually and in his official (for prospective equitable relief) capacity as Board Member for all claims of the Plaintiffs.

56.    Defendant Mary Louise Stowe (hereinafter "Stowe") is an adult female citizen of the United States and of the State of Alabama. Defendant Stowe is the Vice President of the Madison County Board of Education, and is one of the individuals with final decision-making authority for Defendant MCBOE. Defendant Stowe is an

employer within the meaning of the FLSA. Defendant Stowe is being sued individually and in her official (for prospective equitable relief) capacity as Board Member for all claims of the Plaintiffs.

57.     Defendant David Vess (hereinafter "Vess") is an adult male citizen of the United States and of the State of Alabama. Defendant Vess is a member of the Madison County Board of Education, and is one of the individuals with final decision-making authority for Defendant MCBOE. Defendant Vess is an employer within the meaning of the FLSA. Defendant Vess is being sued individually and in his official (for prospective equitable relief) capacity as Board Member for all claims of the Plaintiffs.

58.     Defendant Jeff Anderson (hereinafter "Anderson") is an adult male citizen of the United States and of the State of Alabama. Defendant Anderson is a member of the Madison County Board of Education, and is one of the individuals with final decision-making authority for Defendant MCBOE. Defendant Anderson is an employer within the meaning of the FLSA. Defendant Anderson is being sued individually and in his official (for prospective equitable relief) capacity as Board Member for all claims of the Plaintiffs.

59.     Defendant Dan Nash (hereinafter "Nash") is an adult male citizen of the United States and of the State of Alabama. Defendant Nash was a member of the

Madison County Board of Education until on or about July 2016, and was one of the individuals with final decision-making authority for Defendant MCBOE. Defendant Nash is an employer within the meaning of the FLSA. Defendant Nash is being sued individually for all claims of the Plaintiffs.

## Statement of Facts

60.    The FLSA is a federal labor law of general and nationwide application, including Overtime, Minimum Wages, Child Labor Protections, and the Equal Pay Act. The FLSA requires that employees receive compensation for all hours worked at a rate of at least the minimum wage and it requires overtime compensation (at time and one-half) for all "hours worked" over a prescribed "threshold" (typically 40 hours per week), for "nonexempt" employees.

61.    At all relevant times, Defendant MCBOE was engaged in its operation through its Superintendent, Matt Massey, and the members of its School Board.

62.    Plaintiffs were employed in job positions which were actually non-exempt positions with Defendants and they were working under the direction of either Superintendent Massey or their respective supervisors.

63.    Defendants employed Plaintiffs and required, and/or suffered and permitted, them to work off the clock without being compensated and, in some weeks, to work more than forty (40) hours per week. Defendants failed and refused to

compensate Plaintiffs and the others for all hours that they worked at a rate of not less than the minimum wage and for such work in excess of forty (40) hours at a rate not less than one and one-half (1 ½) times the regular rate at which they were employed and contrary to the provisions of the FLSA, 29 U.S.C. §§ 206(a)(1) and 207(a).

64.    Defendant MCBOE is a public school system conducting business in the State of Alabama.

65.    At all times material to this action, Defendants were employers within the meaning and definition of the FLSA.

66.    At all times material to this action, the Plaintiffs were employed by Defendants as Bus Drivers or Bus Aides.

67.    At all times material to this action, the Plaintiffs have been employees of the Defendants within the meaning of the FLSA.

68.    This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq. and specifically the collective action provision of the Act found at §216(b), for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by Defendants which have deprived the Plaintiffs of their lawful wages.

69.    This action is brought to recover unpaid compensation, in the form of unpaid wages and overtime compensation, owed to the Plaintiffs, pursuant to the FLSA.  For at least three years prior to filing this complaint, Defendant MCBOE has

had a uniform policy and practice of consistently requiring its Bus Drivers and Bus Aides to work off the clock without being paid at least not less than minimum wage and in some weeks to work over 40 hours a week for a salaried amount without overtime compensation.

70.     The Plaintiffs were employed by Defendants in the job positions of Bus Drivers or Bus Aides and were required and/or suffered and permitted to work hours in excess of their contract hours and in some weeks also in excess of 40 hours per week without being fully compensated for the same.

71.     The Plaintiffs were hired by Defendants to drive school buses or to attend to students on the school buses, and were each given contracts of four (4) hours per day for their work day at a set yearly salary amount.  The Plaintiffs' contracts required them to drive or ride a route in the morning picking up students to take them to school and then to drive or ride a route in the afternoon to return the students to their homes. The contracts provided for two (2) hours of paid work for the morning route and two (2) hours of paid work for the afternoon route.  The Plaintiffs were directed by the Director of Auxiliary Services, Dan Evans, that when filing out their time sheets they were to only record two (2) hours of time for their morning route and to only record two (2) hours of time for their afternoon route, even if the actual time worked by the Plaintiffs on that day and/or route took longer than the contracted four (4) hours per

day.  The Plaintiffs were directed by Evans to work off of the clock in performing

their job duties since some of the routes took longer to drive than the two (2) hours

allotted each way.  In addition, the Plaintiffs also had to perform work that included,

but was not limited to, performing pre-trip checks on the buses, taking the buses for

mandated inspections, going to mandatory drug screens, going to open houses,

attending mandatory meetings and training sessions, and cleaning their buses.  The

Plaintiffs were directed by Evans and their other supervisors that these additional

work activities were part of their contract and to not record this time worked on their

time sheets.  Such required activities were within the line and scope of their

employment, but the hours worked on these activities were not included within their

allotted four (4) hours contracts and caused them to work in excess of four (4) hours

per day, and in some weeks in excess of forty hours per week on multiple occasions.

The Plaintiffs were forced to work hours over the set contract hours and they were not

being paid at least at not less than the minimum wage for these additional hours of

work.

72.     The Plaintiffs were paid a specified salary pursuant to the contract for

four (4) hours of work.  The Plaintiffs were not paid for all of the hours that they

worked, or for any overtime compensation despite the fact that they worked these

hours and in some weeks worked more than 40 hours a week.   The Plaintiffs were

entitled to be paid for the additional hours over their contracted four (4) hours at a rate of not less than the minimum wage for these additional hours worked. Plaintiffs seek unpaid compensation and unpaid overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

73. Defendants are subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

74. At all times relevant to this action, Defendants were the "employer" of the Plaintiffs as defined by §203(d) of the FLSA.

75. At all times material to this action, the Plaintiffs were an "employee" of Defendants as defined by §203(e)(2)(c) of the FLSA, and worked for Defendants within the territory of the United States within three years preceding the filing of this lawsuit.

76. The provisions set forth in §§206 and 207, respectively, of the FLSA apply to Defendants and to the Plaintiffs who was covered by §§206 and 207 of the FLSA during their employment with Defendants.

77. At all times relevant to this action, Defendants employed the Plaintiffs in the capacity of Bus Drivers or Bus Aides pursuant to a contracted salary. Plaintiffs were paid a salary based upon a yearly contract amount set by a salary schedule, which was for a specific daily rate of pay for a set number of four (4) hours per day

pursuant to Board policy.  After agreeing to accept these contracts of four (4) hours per day, the Plaintiffs were required to work additional hours for which they were not paid.  Plaintiffs are entitled to be paid at a rate of not less than minimum wage for these additional hours worked over their set contract hours.

78.    The Plaintiffs were required to perform non-exempt duties without full compensation for all hours worked or without overtime compensation.  Defendants instituted a plan and did unlawfully and willfully fail to pay for all hours worked and overtime compensation to the Plaintiffs.

79.    Defendants knew or should have known that Plaintiffs were working in excess of the contracted four (4) hours per day and in some weeks in excess of forty (40) hours per workweek at the direction of and conferring a benefit upon Defendants. Furthermore, Defendants knew or should have known of their obligations to properly record and play Plaintiffs and other similarly situated for all hours worked, including overtime.

80.    On multiple occasions, the Plaintiffs complained about not being properly compensated for all hours worked to Defendants through their supervisors, including, but not limited to, Dan Evans.  Despite Plaintiffs' complaints, Defendants failed to properly compensate Plaintiffs for all hours that they worked.

81.    Defendants have intentionally failed and/or refused to pay Plaintiffs their

salary/rates or for all hours worked according to the provisions of the FLSA.

82.    For at least three years, Defendants have been aware of the requirements of the FLSA and its corresponding regulations and their own violations of the FLSA. Despite this knowledge, Defendants have failed to pay Plaintiffs and their employees the amount of pay as required by the FLSA.

83.    Defendants have adopted policies acknowledging their obligations under the FLSA and requiring their compliance of paying employees their appropriate hourly rates pursuant to the FLSA.

84.    Defendants have intentionally and repeatedly misrepresented the true status of compensation to their Bus Drivers and Bus Aides, as well as their entitlement to compensation for all hours worked and to overtime compensation in order to avoid suspicion and inquiry by employees, like the Plaintiffs, regarding their entitlement to monies owed to them.  Plaintiffs relied upon these misrepresentations by Defendant and were unable to determine their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

85.    Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with §§ 206 and 207 of the FLSA.

86.    As a result of Defendants' violations of the FLSA, the Plaintiffs have

suffered damages by failing to receive compensation in accordance with §§ 206 and 207 of the FLSA.

87.    In addition to the amount of unpaid wages and benefits owed to the Plaintiffs, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

88.    Defendants' actions in failing to compensate Plaintiffs, in violation of the FLSA, were willful.

89.    Defendants have not made a good faith effort to comply with the FLSA.

90.    Plaintiffs are also entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

91.    Plaintiffs have no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for lost overtime and wages, back-pay, declaratory judgment, injunctive relief, and compensatory and liquidated damages is her only means of securing adequate relief.

92.    Plaintiffs are now suffering, and will continue to suffer irreparable injury from Defendants' unlawful conduct as set forth herein unless enjoined by this cause of action.

## **COUNT ONE**

93.    Plaintiffs reallege and incorporate herein by reference paragraphs 1

through 92 above as if fully recopied and restated herein.

94.    Defendants have not properly paid Plaintiffs and all others similarly situated for all hours spent performing job duties as employees.

95.    Defendants have not properly paid Plaintiffs and all others similarly situated overtime compensation for all hours worked in excess of forty (40) hours per week.

96.    Defendants' practice of failing to pay for all hours worked and overtime compensation for all work in excess of forty (40) hours per workweek to non-exempt and/or hourly employees was and is in violation of the FLSA.

97.    Plaintiffs and all others similarly situated are entitled to an award of unpaid wages at a rate of not less than minimum wage and overtime at a rate of one and one-half (1½) times the regular rate of pay for the time period commencing two years prior to the filing of this Complaint to the date of any final award of such unpaid overtime compensation.

98.    Plaintiffs and all others similarly situated are additionally entitled to an award of liquidated damages under the FLSA in an amount equal to the amount of unpaid wages and overtime compensation, as well as prejudgment interest, attorneys' fees and costs, all to be determined at trial or by this Honorable Court.

**WHEREFORE**, Plaintiffs and all others similarly situated, pursuant to §216(b)

of the FLSA, pray for the following relief:

1.   Plaintiffs be awarded damages in the amount of their respective unpaid wages and benefits and unpaid overtime compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

2.   Plaintiffs' reasonable attorneys' fees, including the costs and expenses of this action;

3.   Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

4.   Enter an Order requiring Defendants to make Plaintiffs whole by awarding their lost wages (plus interest), liquidated damages, attorneys' fees and costs.

## COUNT TWO

99.   Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 98 above as if fully recopied and restated herein.

100.   Defendants' violations of the FLSA, as alleged above, were and are being done willfully.  Defendants either knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

101.   Plaintiffs and all others similarly situated are entitled to an award of unpaid wages at a rate of not less than minimum wage and overtime at a rate of one

and one-half (1½) times the regular rate of pay for the time period commencing three years prior to the filing of this Complaint to the date of any final award of such unpaid overtime compensation.

102.    Plaintiffs and all others similarly situated are additionally entitled to an award of liquidated damages under the FLSA in an amount equal to the amount of unpaid wages and overtime compensation, as well as prejudgment interest, attorneys' fees and costs, all to be determined at trial or by this Honorable Court.

**WHEREFORE**, Plaintiffs and all others similarly situated, pursuant to §216(b) of the FLSA, pray for the following relief:

1.    The Court enter a declaratory judgment that Defendants willfully and wrongfully violated their statutory obligations and deprived Plaintiffs and all other similarly situated of their entitlement under the FLSA as alleged herein;

2.    Plaintiffs be awarded damages in the amount of their respective unpaid wages and benefits and unpaid overtime compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

3.    Plaintiffs' reasonable attorneys' fees, including the costs and expenses of this action;

4.     Such other legal and equitable relief including, but not limited to, any

injunctive and/or declaratory relief, to which they may be entitled.

    5.   Enter an Order requiring Defendants to make Plaintiffs whole by awarding their lost wages (plus interest), liquidated damages, attorneys' fees and costs.

                       Respectfully submitted,

                       /s/Candis A. McGowan
                       Candis A. McGowan
                       Lacey K. Danley

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS,
      FISHER & GOLDFARB
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500
cmcgowan@wigginschilds.com
ldanley@wigginschilds.com


                       /s/Robert C. Lockwood
                       Robert C. Lockwood

OF COUNSEL:

WILMER & LEE, P.A.
100 Washington Street, Suite 100
Huntsville, Alabama 35801
(256) 533-0202
rlockwood@wilmerlee.com

                       *Attorneys for Plaintiffs*

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**


/s/Candis A. McGown
OF COUNSEL

**DEFENDANTS' ADDRESSES**
Serve via certified mail:

Madison County Board of
Education (MCBOE)
1210 Walker Lane
New Market, Alabama 35761

Matt Massey
Superintendent of MCBOE
1210 Walker Lane
New Market, Alabama 35761

Angie Bates
President of MCBOE
1210 Walker Lane
New Market, Alabama 35761

Nathan Curry
Board Member of MCBOE
1210 Walker Lane
New Market, Alabama 35761

Mary Louise Stowe
Vice President of the MCBOE
1210 Walker Lane
New Market, Alabama 35761

David Vess
Board Member of MCBOE
1210 Walker Lane
New Market, Alabama 35761

Jeff Anderson
Board Member of MCBOE
1210 Walker Lane
New Market, Alabama 35761

David Nash
Board Member of MCBOE
1210 Walker Lane
New Market, Alabama 35761